UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

    Plaintiff,

vs.

Case No.:
Honorable:

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

    Defendants.
_____/

## PLAINITFF'S VERIFIED COMPLAINT

Dean Marine & Excavating, Inc., through its attorneys, Kotz Sangster Wysocki P.C., states as follows in support of Plaintiff's Verified Complaint:

### JURISDICTION AND BACKGROUND

1.     This complaint seeks foreclosure of a maritime lien.

2.     46 USC §§ 31341-31343 grants a maritime lien to parties who perform services to a vessel.

1

3.    28 USC § 1333 grants this Court original and exclusive jurisdiction over maritime actions.

4.    This Court has supplemental jurisdiction under 28 USC § 1367 because the other claims in this action arise out of the same transaction or occurrence giving rise to this Court's original jurisdiction.

5.    Fed. R. Civ. P. Supplemental Rules for Certain Admiralty and Maritime Claims (C) governs the filing of an "in rem" action to enforce a maritime lien.

6.    Plaintiff, Dean Marine & Excavating, Inc. ("Dean Marine") is a Michigan corporation with its primary place of business located at 75 Avery Street, Mt. Clemens, Macomb County, Michigan.

7.    Upon information and belief, the Dean family ("Owner"), an entity that is believed to be synonymous with Defendants Daniel Dean ("D. Deane") and Nicholson Terminal & Dock Company ("Nicholson"), is the current owner of the 96.75 foot vessel known as "HELENE," with official Coast Guard Number 226316 and is a resident of the State of Michigan. **Exhibit 1**.

8.    Defendant, a vessel, "HELENE" (the "Vessel") is a 96.75 foot motor yacht, with official Coast Guard Number 226316.

9.    Defendant, Nicholson Terminal & Dock Company is a domestic profit corporation that, upon information and belief, has its principal place of business located at 380 E Great Lakes Ave, Ecorse, Michigan 48229.

10. Defendant, Daniel Deane is an individual who, upon information and belief, is the President of Nicolson and resides at 239 Dean Ln, Grosse Pointe Farms, Michigan 48236.

11. Defendant, First of American Bank – Security nka First of America Bank – Southeast Michigan, N.A. is a domestic profit corporation that, upon information and belief, has its principal place of business located at 211 South Rose Street, Kalamazoo, Michigan 49007.

12. Defendant, Shamrock Chartering Co. is a domestic profit corporation that, upon information and belief, has its principal place of business located at 380 E Great Lakes Ave, Ecorse, Michigan 48229.

13. Starting March 5, 2024 and ending March 13, 2024, D. Deane, on behalf of Nicholson, entered into a contract with Dean Marine to salvage the Vessel, which had sunk. Such salvage work included, but is not necessarily limited to, the work described in the invoice attached as **Exhibit 2** and incorporated by reference hereto.

14. Such work is necessary for the operation of the Vessel.

15. Upon information and belief, Owner also owned the Vessel on the dates the salvage work was performed.

16. Pursuant to the Abstract of Title, it is also possible that Shamrock Chartering Co. and First of America Bank – Security nka First of American Bank – Southeast Michigan, N.A. may have an interest in the Vessel. **Exhibit 3**.

17. Upon information and belief, the Vessel is currently located at Nicholson's Ecorse Terminal, 360 E Great Lakes Ave, Ecorse, Michigan 48229.

## COUNT I – <br> FORECLOSURE OF MARITIME LIEN <br> (ALL DEFENDANTS)

18. Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

19. Dean Marine entered into a contract with D. Deane, who was contracting on behalf of Nicholson, to salvage the Vessel.

20. D. Deane represented his/Nicholson's ownership of the Vessel at the time he entered into the contract for salvage.

21. D. Deane demonstrated full control of the Vessel at the time he entered into the contract for salvage.

22. Dean Marine salvaged the sunken Vessel.

23. The reasonable value of the labor and services which remains unpaid is One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), exclusive of interest.

24. Despite Dean Marine's repeated demands to D. Deane for payment of the labor and services provided, it has not received payment of the amount due.

25. As a result of the above, Dean Marine has suffered damages in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12).

26. As a result of the above, Dean Marine holds a maritime lien against the Vessel.

27. As a result of the above, Dean Marine's maritime lien takes priority over any preferred ship mortgage which may be held by another party.

WHEREFORE, Dean Marine & Excavating, Inc. requests the Court grant the following relief:

    a. That service of process in rem pursuant to supplemental rules C and E of admiralty and maritime claims issue against the Vessel, her engines, tackle, machinery, appurtenances, and apparel, etc. and that all persons having or claiming any interest in said Vessel be cited to appear and answer under oath all and singular the above matters;

    b. That judgment be granted in favor of Dean Marine & Excavating, Inc. and against the Vessel in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars

($128,127.12), plus any interest as allowed by law, costs and attorneys' fees, and such further relief as this Court deems just;

  c. That a warrant for arrest of the Vessel be issued;

  d. That the Vessel be sold at auction, as authorized by law, to satisfy any judgment against the Vessel;

  e. That Dean Marine & Excavating, Inc.'s maritime lien be declared superior in right to any other party's preferred ship mortgage and that any proceeds from any sale of the Vessel shall be distributed first for repayment of Dean Marine & Excavating, Inc.'s maritime lien before any subsequent claim by any other party; and

  f. That Dean Marine & Excavating, Inc. be granted such further relief as this Court deems just.

## COUNT II—
## BREACH OF CONTRACT
## (NICHOLSON AND D. DEANE)

28. Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

29. This Court has supplemental jurisdiction for this count under 28 USC § 1367.

30. Dean Marine and D. Deane, on behalf of Nicholson, entered into a valid contract to salvage the Vessel.

31. Dean Marine fully performed the terms of its contract with D. Deane/Nicholson by tendering the salvage services.

32. D. Deane/Nicholson accepted Dean Marine's tender of the same.

33. Despite demand, D. Deane/Nicholson has failed to pay Dean Marine for the salvage services.

34. D. Deane's/Nicholson's failure to provide payment for the salvage services is a material breach of the parties' contract.

35. As a direct and proximate result of the failure and refusal of D. Deane/Nicholson to pay for the salvage services, Dean Marine has incurred damages in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12).

WHEREFORE, Dean Marine & Excavating, Inc. requests this Court enter judgment in its favor against Daniel Deane and Nicholson Terminal & Dock Company in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus any interest as allowed by law, costs and attorneys' fees and such further relief as this Court deems just.

## COUNT III – 
## ACCOUNT STATED
## (NICHOLSON AND D. DEANE)

36. Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

37. This Court has supplemental jurisdiction for this matter under 28 USC § 1367.

38. Dean Marine sold the salvage services to D. Deane, who was contracting on behalf of Nicholson, on open account.

39. Dean Marine rendered invoices to Nicholson via D. Deane, which remain outstanding at this time.

40. Dean Marine has issued statements to D. Deane/Nicholson for payment of the balance due in the amount of One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus costs, interest, and attorneys' fees.

41. The account has become stated as to Nicholson and D. Deane.

42. Attached hereto as **Exhibit 4** and incorporated herein by reference is the Affidavit of Amount Due executed by the President of Dean Marine, on Dean Marine's behalf, indicating a balance due to Dean Marine from Nicholson/D. Deane in the amount of One Hundred Twenty-Eight Thousand One Hundred

Twenty-Seven and 12/100 Dollars ($128,127.12), plus costs, interest, and attorneys' fees.

WHEREFORE, Dean Marine & Excavating, Inc. requests this Court enter judgment in its favor against Daniel Deane and Nicholson Terminal & Dock Company in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus any interest as allowed by law, costs and attorneys' fees and such further relief as this Court deems just.

### COUNT IV – UNJUST ENRICHMENT (NICHOLSON AND D. DEANE)

43. Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

44. This Court has supplemental jurisdiction for this matter under 28 USC § 1367.

45. Upon request by D. Deane, who was contracting on behalf of Nicolson, Dean Marine provided salvage services to Nicholson/D. Deane.

46. Nicholson/D. Deane has received the benefit of the salvage services.

47. Nicholson/D. Deane has not paid Dean Marine the amount due for the salvage services.

48. It is unjust and inequitable to allow D. Deane, Nicholson or the Owner to have continued use and enjoyment of the salvage services, without having the corresponding obligation to make payment to Dean Marine.

49. In the event D. Deane/Nicholson is permitted to receive and retain the salvage services without making just and adequate payment for same, D. Deane/Nicholson will be unjustly enriched at the expense of Dean Marine.

WHEREFORE, Dean Marine & Excavating, Inc. requests this Court enter judgment in its favor against Daniel Deane and Nicholson Terminal & Dock Company in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus any interest as allowed by law, costs and attorneys' fees, and such further relief as this Court deems just.

                                              Respectfully submitted,

                                              **KOTZ SANGSTER WYSOCKI P.C.**

                                              /s/ Jeffrey M. Sangster
                                              By: Jeffrey M. Sangster (P30791)
                                                    Tyler P. Phillips (P78280)
                                                     Michael J. Sapick (P80999)
                                              Attorneys for Plaintiff
                                              400 Renaissance Center, Suite 3400
                                              Detroit, MI 48243
                                              (313) 259-8300
                                              jsangster@kotzsangster.com

Dated: December 5, 2024              tphillips@kotzsangster.com

I verify under penalty of perjury that the above facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

_____
Dean Williams – President
Dean Marine & Excavating, Inc.

Sworn and subscribed to me on this 28th day of October 2024

_____
Douglas H. Rettberg, Notary Public
Oakland County, Michigan
Acting in Macomb County
My Commission Expires: 6-6-2028

> Douglas H Rettberg
> Notary Public State of Michigan
> Oakland County
> My Commission Expires 6/6/2028
> Acting In the County of Macomb