UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

    Plaintiff,

vs.

                                  Case No.: 24-13244
                                  Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

    Defendants.
_____/

## DEAN MARINE & EXCAVATING, INC.'S EX PARTE MOTION FOR SUBSTITUTE CUSTODIAN

    Dean Marine & Excavating, Inc., through its attorneys, Kotz Sangster Wysocki P.C., states as follows in support of its Motion for Substitute Custodian:

    1.    On December 5, 2024, Dean Marine & Excavating, Inc. ("Dean Marine") filed its Verified Complaint, in rem, against the vessel "Helene" ("the Vessel") and in personam against Daniel Deane ("D. Deane"), Nicholson Terminal & Dock Company ("Nicholson"), First of America Bank – Security nka First of

1

America Bank – Southeast Michigan, N.A. ("First of America"), and Shamrock Chartering C. ("Shamrock").

2. Plaintiff's Verified Complaint requested this Court issue a warrant for the arrest of the Vessel.

3. Federal Rules of Civil Procedure (C)(1)-(C)(3) of the Supplemental Rules for Admiralty and Maritime Claims requires the Court to issue an arrest warrant in an in rem action to enforce a maritime lien.

4. Due to the movable nature of a vessel on navigable waters, and the in rem nature of the proceeding, this process is often completed ex parte.

5. Once seized by the United States Marshals, the subject vessel is then held within control of the court during the pendency of the lawsuit.

6. A party is required to compensate the United States Marshals for the cost of this storage. LR E.1.

7. However, a party may reduce this cost by asking this Court to appoint a substitute custodian for the vessel.

8. Federal Rule of Civil Procedure E(5)(C) of the Supplemental Rules for Admiralty and Maritime Claims states:

> (c) Release by Consent or Stipulation; Order of Court or Clerk; Costs. Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is

    detained or the party's attorney and expressly authorizing such release, if all costs and charges of the court and its officers shall have first been paid. Otherwise no property in the custody of the marshal, other person or organization having the warrant, or other officer of the court shall be released without an order of the court; but such order may be entered as of course by the clerk, upon the giving of approved security as provided by law and these rules, or upon the dismissal or discontinuance of the action; but the marshal or other person or organization having the warrant shall not deliver any property so released until the costs and charges of the officers of the court shall first have been paid.

9. In the event that this Court enters an order authorizing the Clerk of the Court to prepare a warrant for the arrest of the Vessel, and the warrant is so issued, and for the convenience of the United States Marshals and to limit expenses and to provide for better safekeeping of the Vessel, Dean Marine desires to have a substitute custodian named by this Court.

10. Dean Marine wishes to have itself named as substitute custodian.

11. Upon information and belief, the Vessel is currently located at Nicholson's Ecorse Terminal, 360 E Great Lakes Ave, Ecorse, Michigan 48229.

12. Dean Marine has adequate facilities to safely store the Vessel during the pendency of this litigation.

13. Dean Marine is insured for any damages which may be caused to the Vessel while in its care, custody, or control. An insurance certificate is attached as **Exhibit 1**.

WHEREFORE, Dean Marine & Excavating, Inc. respectfully requests this Court enter the Order attached as **Exhibit 2**, appointing Dean Marine as the substitute custodian for the Vessel, which is the subject of this action and granting such further relief as this Court deems just.

                                                      Respectfully submitted,

                                                      **KOTZ SANGSTER WYSOCKI P.C.**

                                                      /s/ Tyler P. Phillips
                                                    By:  Jeffrey M. Sangster (P30791)
                                                            Tyler P. Phillips (P78280)
                                                            Michael J. Sapick (P80999)
                                                    Attorneys for Plaintiff
                                                   400 Renaissance Center, Suite 3400
                                                   Detroit, MI 48243
                                                   (313) 259-8300
                                                   jsangster@kotzsangster.com
Dated:  December 6, 2024             tphillips@kotzsangster.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

    Plaintiff,

vs.

Case No.: 24-13244
Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

    Defendants.
_____/

## BRIEF IN SUPPORT OF DEAN MARINE & EXCAVATING, INC.'S EX PARTE MOTION FOR SUBSTITUTE CUSTODIAN

Dean Marine & Excavating, Inc., through its attorneys, Kotz Sangster Wysocki P.C., relies upon, and incorporates by reference, the statements of law and fact contained within its Motion for Substitute Custodian as if fully stated herein.

5

                                          Respectfully submitted,

                                          **KOTZ SANGSTER WYSOCKI P.C.**

                                          /s/ Tyler P. Phillips
                                          By:  Jeffrey M. Sangster (P30791)
                                                     Tyler P. Phillips (P78280)
                                                       Michael J. Sapick (P80999)
                                          Attorneys for Plaintiff
                                          400 Renaissance Center, Suite 3400
                                          Detroit, MI 48243
                                          (313) 259-8300
                                          jsangster@kotzsangster.com
Dated:  December 6, 2024              tphillips@kotzsangster.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

    Plaintiff,

vs.

Case No.: 24-13244
Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

    Defendants.
_____/

## CERTIFICATE OF SERVICE

Tyler P. Phillips certifies that on the 6th day of December, 2024, he served Plaintiff's Ex Parte Motion for Substitute Custodian, Brief in Support, and this Certificate of Service, in accordance with the Court's Electronic Guidelines. Notice of Electronic Filing of these documents will be sent to all parties by operation of the Court's electronic filing system.

                                                                      */s/ Tyler P. Phillips*

# EXHIBIT 1

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY): 11/22/2024

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

**PRODUCER**
Guy Hurley, LLC
989 E. South Boulevard
Suite 200
Rochester Hills MI 48307

**CONTACT NAME:** Debbie Rossi
**PHONE (A/C, No, Ext):** (248) 519-1400
**FAX (A/C, No):** (248) 519-1401
**E-MAIL ADDRESS:** drossi@ghbh.com

| INSURER(S) AFFORDING COVERAGE | NAIC # |
|---|---|
| INSURER A: EMCASCO Insurance Company | 21407 |
| INSURER B: Employers Mutual Casualty Company | 21415 |
| INSURER C: | |
| INSURER D: | |
| INSURER E: | |
| INSURER F: | |

**INSURED**

**COVERAGES**    **CERTIFICATE NUMBER:** 23-24 Master    **REVISION NUMBER:**

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | **COMMERCIAL GENERAL LIABILITY** [X]<br>[ ] CLAIMS-MADE [X] OCCUR<br>[X] Contractual Liability<br>GEN'L AGGREGATE LIMIT APPLIES PER:<br>[X] POLICY [ ] PRO-JECT [ ] LOC<br>[ ] OTHER: | | | 6X61429 | 12/20/2023 | 12/20/2024 | EACH OCCURRENCE<br>DAMAGE TO RENTED PREMISES (Ea occurrence)<br>MED EXP (Any one person)<br>PERSONAL & ADV INJURY<br>GENERAL AGGREGATE<br>PRODUCTS - COMP/OP AGG<br>Employee Benefits | $ 1,000,000<br>$ 500,000<br>$ 10,000<br>$ 1,000,000<br>$ 2,000,000<br>$ 2,000,000<br>$ 1,000,000 |
| B | **AUTOMOBILE LIABILITY**<br>[X] ANY AUTO<br>[ ] OWNED AUTOS ONLY [ ] SCHEDULED AUTOS<br>[ ] HIRED AUTOS ONLY [ ] NON-OWNED AUTOS ONLY | | | 6X61429 | 12/20/2023 | 12/20/2024 | COMBINED SINGLE LIMIT (Ea accident)<br>BODILY INJURY (Per person)<br>BODILY INJURY (Per accident)<br>PROPERTY DAMAGE (Per accident)<br>Uninsured motorist | $ 1,000,000<br>$<br>$<br>$<br>$ |
| B | [X] **UMBRELLA LIAB** [X] OCCUR<br>[ ] **EXCESS LIAB** [ ] CLAIMS-MADE<br>[ ] DED [ ] RETENTION $ | | | 6X61429 | 12/20/2023 | 12/20/2024 | property damage EACH OCCURRENCE<br>AGGREGATE | $ 1,000,000<br>$ 1,000,000<br>$ |
| A | **WORKERS COMPENSATION AND EMPLOYERS' LIABILITY**<br>ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? Y/N: N<br>(Mandatory in NH)<br>If yes, describe under DESCRIPTION OF OPERATIONS below | | N/A | 6H61429 | 06/30/2024 | 12/20/2024 | [X] PER STATUTE [ ] OTHER<br>E.L. EACH ACCIDENT<br>E.L. DISEASE - EA EMPLOYEE<br>E.L. DISEASE - POLICY LIMIT | $ 1,000,000<br>$ 1,000,000<br>$ 1,000,000 |
| A | Leased/Rented Equipment | | | 6C61429 | 12/20/2023 | 12/20/2024 | Leased/Rented | $75,000 |

**DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES** (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

**CERTIFICATE HOLDER**
Evidence of Insurance

**CANCELLATION**
SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS.

**AUTHORIZED REPRESENTATIVE**

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)    The ACORD name and logo are registered marks of ACORD

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

    Plaintiff,

vs.

Case No.: 24-13244
Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

    Defendants.
_____/

## ORDER GRANTING DEAN MARINE & EXCAVATING, INC.'S MOTION FOR SUBSTITUTE CUSTODIAN

    Plaintiff, Dean Marine & Excavating, Inc. ("Dean Marine"), having brought its Motion for Substitute Custodian, the Court having heard arguments regarding same, and the Court otherwise being fully advised in the premises:

    IT IS HEREBY ORDERED that Plaintiff, Dean Marine's Motion is hereby GRANTED.

1

IT IS FURTHER ORDERED that Dean Marine and Excavating, Inc. in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, [cargo], etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, [cargo], etc.

IT IS FURTHER ORDERED that Dean Marine and Excavating, Inc. shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody.

2

IT IS FURTHER ORDERED that the United States Marshal for the Eastern District of Michigan shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action.

IT IS FURTHER ORDERED that Dean Marine and Excavating, Inc. be, and is hereby, appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further Order of the Court.

IT IS FURTHERORDERED that all United States Marshal's costs be paid prior to release of said vessel.

IT IS FURTHER ORDERED that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof.

_____

Hon.

Dated: