UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                       Case No.: 24-13244

vs.                                   Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.

_____/

## DEAN MARINE & EXCAVATING, INC.'S EMERGENCY MOTION FOR ISSUANCE OF A WARRANT FOR THE ARREST OF A VESSEL

     Plaintiff, Dean Marine & Excavating, Inc. ("Plaintiff") through its attorneys,

Kotz Sangster Wysocki, P.C., in support of its Emergency Motion for Issuance of a

Warrant for the Arrest of a Vessel, states as follows:

## INTRODUCTION

     This case arises out of Plaintiff's maritime lien against the defendant vessel,

Helene (the "Vessel"). Plaintiff has filed its verified complaint seeking foreclosure

1

of this maritime lien attached to the Vessel. Supplemental Rule C for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure ("Rule C") governs in rem proceedings for the foreclosure of a maritime lien. Rule C(2)-(3) requires this Court review a plaintiffs complaint to determine if the conditions precedent for an in rem action exist, and if they do, issue a warrant to arrest the vessel for the pendency of the litigation. Plaintiff has followed all applicable rules and the conditions precedent for an in rem action exist. Moreover, due to the movable nature of the Vessel, the Vessel may leave this Court's jurisdiction at any moment, thus robbing Plaintiff of its ability to enforce its lawful lien. Therefore, Plaintiff respectfully requests this Court issue the Warrant for Arrest of Vessel attached as **Exhibit 1**.

## FACTUAL BACKGROUND

1.      Plaintiff filed its Verified Complaint on December 5, 2024 and presented this Court with its draft Warrant for Arrest of Vessel.

2.      On December 6, 2024, Plaintiff filed its Ex-Parte Motion for Substitute Custodian. (**Exhibit 2**).

3.      Plaintiff now brings this Motion seeking immediate review and issuance of a Warrant for the Arrest of the Vessel.

# **ARGUMENT**

1.　　Rule C(2) requires an "in rem" complaint to: (a) be verified; (b) describe with reasonable particularity the property to be seized; and (c) state that the property is within the district or will be within the district when an action is pending.

2.　　Rule C(3) governs judicial authorization of process in a maritime in rem proceeding.

3.　　Rule (C)(3)(a)(i) states: "The Court must review the complaint and any supporting papers. If the conditions for an in rem action exist, the court must issue an order directing the clerk to issue a warrant for the arrest of the vessel or other property that is the subject of the action."

4.　　46 USC § 31342 states:

(a) Except as provided in subsection (b) of this section, a person providing necessaries to a vessel on the order of the owner or a person authorized by the owner—

(1) has a maritime lien on the vessel;

(2) may bring a civil action in rem to enforce the lien; and

(3) is not required to allege or prove in the action that credit was given to the vessel.

(b) This section does not apply to a public vessel.

5.　"Necessaries" are generally defined as what is "necessary" for a ship to carry out its business or what is "necessary" for it to voyage in its capacity as a vessel.

3

*See, Walker-Skageth Food Stores v the Bavois*, 43 F.Supp. 109 (S.D.N.Y 1942); *The Majestic II*, 285 F. 91, (S.D. Fla. 1922).

6. Plaintiff's Complaint has sufficiently pled an in rem, admiralty action. Plaintiff's Verified Complaint alleges:

    a. The Defendant is a vessel, known as the "Helene" (the "Vessel") with official Coast Guard Number 226316. (**Exhibit 3** at ¶ 8).

    b. That Plaintiff performed extensive salvage work, which was necessary for the operation of the Vessel. (**Exhibit 3** at ¶ 13-14).

    c. That Plaintiff has not received payment for providing these necessaries. (**Exhibit 3** at ¶ 24).

7. Therefore, because Plaintiff has properly pled an in rem, admiralty action under Rule (C)(3)(a)(i), Plaintiff requests this Court issue a Warrant for the Arrest of a Vessel, attached as **Exhibit 1**.

8. Plaintiff fears the vessel may leave the jurisdiction at any time, and therefore, requests this Court immediately consider this motion.

## <u>CONCLUSION</u>

WHEREFORE, Plaintiff, Dean Marine & Excavating, Inc., respectfully requests this Court grant this motion, issue the Warrant for Arrest of a Vessel attached hereto as **Exhibit 1**, and grant such further relief as this Court deems just.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Tyler P. Phillips
By:  Jeffrey M. Sangster (P30791)
      Tyler P. Phillips (P78280)
      Michael J. Sapick (P80999)
Attorneys for Plaintiff
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300
jsangster@kotzsangster.com
Dated:  December 6, 2024                    tphillips@kotzsangster.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                   Case No.: 24-13244

vs.                                  Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.

_____/

## BRIEF IN SUPPORT OF DEAN MARINE & EXCAVATING, INC.'S EMERGENCY MOTION FOR ISSUANCE OF A WARRANT FOR THE ARREST OF A VESSEL

     Plaintiff, Dean Marine & Excavating, Inc. ("Plaintiff") through its attorneys,

Kotz Sangster Wysocki P.C., submits this Brief in Support of its Emergency Motion

for Issuance of a Warrant for the Arrest of a Vessel, and rely on the authorities and

facts set forth in its motion filed contemporaneously herewith.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Tyler P. Phillips
By:  Jeffrey M. Sangster (P30791)
       Tyler P. Phillips (P78280)
        Michael J. Sapick (P80999)
Attorneys for Plaintiff
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300
jsangster@kotzsangster.com

Dated:  December 6, 2024       tphillips@kotzsangster.com

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

vs.

                                             Case No.: 24-13244
                                            Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
 a Michigan Corporation, FIRST OF AMERICA BANK
 – SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.

_____/

## CERTIFICATE OF SERVICE

     Tyler P. Phillips certifies that on the 6th day of December, 2024, he served

Plaintiff's Emergency Motion for Issuance of a Warrant for the Arrest of a Vessel,

Brief in Support, and this Certificate of Service, in accordance with the Court's

Electronic Guidelines.  Notice of Electronic Filing of these documents will be sent

to all parties by operation of the Court's electronic filing system.

                                           */s/ Tyler P. Phillips*

8

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                       Case No.: 24-13244

vs.                                   Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.

_____/

## **WARRANT FOR THE ARREST OF A VESSEL**

TO THE UNITED STATES MARSHAL FOR THE UNITED STATES DISTRICT
COURT FOR THE EASTERN DISTRICT OF MICHIGAN

     The complaint in the above-styled in rem proceeding was filed in the Southern

Division of this Court on December 5, 2024, asserting an admiralty cause of action

*in rem* against a certain 96.75' vessel known as Helene, official Coast Guard Number

226316, its boats, tackle, apparel, furniture, engines, and appurtenances, and asking

1

that process issue for the arrest of the defendant vessel or other property that is the subject of this action.

In accordance with Supplemental Rule C for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, you are HEREBY COMANDED to arrest the defendant vessel, Helene, official Coast Guard Number 226316, her boats, tackle, apparel and furniture, engines, and appurtenances, and to detain the same in your custody pending further order of the Court respecting the same; and that you promptly, after execution of this process file the same in the Court with your return thereon.

_____
Clerk of the Court

_____
Deputy Clerk

EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                  Case No.: 24-13244

vs.                               Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.

_____/

## DEAN MARINE & EXCAVATING, INC.'S EX PARTE MOTION FOR SUBSTITUTE CUSTODIAN

Dean Marine & Excavating, Inc., through its attorneys, Kotz Sangster

Wysocki P.C., states as follows in support of its Motion for Substitute Custodian:

1.     On December 5, 2024, Dean Marine & Excavating, Inc. ("Dean

Marine") filed its Verified Complaint, in rem, against the vessel "Helene" ("the

Vessel") and in personam against Daniel Deane ("D. Deane"), Nicholson Terminal

& Dock Company ("Nicholson"), First of America Bank – Security nka First of

1

America Bank – Southeast Michigan, N.A. ("First of America"), and Shamrock Chartering C. ("Shamrock").

2.      Plaintiff's Verified Complaint requested this Court issue a warrant for the arrest of the Vessel.

3.      Federal Rules of Civil Procedure (C)(1)-(C)(3) of the Supplemental Rules for Admiralty and Maritime Claims requires the Court to issue an arrest warrant in an in rem action to enforce a maritime lien.

4.      Due to the movable nature of a vessel on navigable waters, and the in rem nature of the proceeding, this process is often completed ex parte.

5.      Once seized by the United States Marshals, the subject vessel is then held within control of the court during the pendency of the lawsuit.

6.      A party is required to compensate the United States Marshals for the cost of this storage. LR E.1.

7.      However, a party may reduce this cost by asking this Court to appoint a substitute custodian for the vessel.

8.      Federal Rule of Civil Procedure E(5)(C) of the Supplemental Rules for Admiralty and Maritime Claims states:

> (c) Release by Consent or Stipulation; Order of Court or Clerk; Costs. Any vessel, cargo, or other property in the custody of the marshal or other person or organization having the warrant may be released forthwith upon the marshal's acceptance and approval of a stipulation, bond, or other security, signed by the party on whose behalf the property is

detained or the party's attorney and expressly authorizing such release, if all costs and charges of the court and its officers shall have first been paid. Otherwise no property in the custody of the marshal, other person or organization having the warrant, or other officer of the court shall be released without an order of the court; but such order may be entered as of course by the clerk, upon the giving of approved security as provided by law and these rules, or upon the dismissal or discontinuance of the action; but the marshal or other person or organization having the warrant shall not deliver any property so released until the costs and charges of the officers of the court shall first have been paid.

9.      In the event that this Court enters an order authorizing the Clerk of the Court to prepare a warrant for the arrest of the Vessel, and the warrant is so issued, and for the convenience of the United States Marshals and to limit expenses and to provide for better safekeeping of the Vessel, Dean Marine desires to have a substitute custodian named by this Court.

10.     Dean Marine wishes to have itself named as substitute custodian.

11.     Upon information and belief, the Vessel is currently located at Nicholson's Ecorse Terminal, 360 E Great Lakes Ave, Ecorse, Michigan 48229.

12.     Dean Marine has adequate facilities to safely store the Vessel during the pendency of this litigation.

13.     Dean Marine is insured for any damages which may be caused to the Vessel while in its care, custody, or control. An insurance certificate is attached as **Exhibit 1**.

WHEREFORE, Dean Marine & Excavating, Inc. respectfully requests this Court enter the Order attached as **Exhibit 2**, appointing Dean Marine as the substitute custodian for the Vessel, which is the subject of this action and granting such further relief as this Court deems just.

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Tyler P. Phillips
By: Jeffrey M. Sangster (P30791)
     Tyler P. Phillips (P78280)
     Michael J. Sapick (P80999)
Attorneys for Plaintiff
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300
jsangster@kotzsangster.com
tphillips@kotzsangster.com

Dated: December 6, 2024

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                 Case No.: 24-13244

vs.                           Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
 a Michigan Corporation, FIRST OF AMERICA BANK
 – SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.
_____/

## **BRIEF IN SUPPORT OF DEAN MARINE & EXCAVATING, INC.'S EX PARTE MOTION FOR SUBSTITUTE CUSTODIAN**

     Dean Marine & Excavating, Inc., through its attorneys, Kotz Sangster

Wysocki P.C., relies upon, and incorporates by reference, the statements of law and

fact contained within its Motion for Substitute Custodian as if fully stated herein.

5

Respectfully submitted,

**KOTZ SANGSTER WYSOCKI P.C.**

/s/ Tyler P. Phillips
By:  Jeffrey M. Sangster (P30791)
      Tyler P. Phillips (P78280)
      Michael J. Sapick (P80999)
Attorneys for Plaintiff
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300
jsangster@kotzsangster.com
Dated:  December 6, 2024          tphillips@kotzsangster.com

6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

      Plaintiff,

                                   Case No.: 24-13244

vs.                               Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

      Defendants.

_____/

## **CERTIFICATE OF SERVICE**

      Tyler P. Phillips certifies that on the 6th day of December, 2024, he served

Plaintiff's Ex Parte Motion for Substitute Custodian, Brief in Support, and this

Certificate of Service, in accordance with the Court's Electronic Guidelines. Notice

of Electronic Filing of these documents will be sent to all parties by operation of the

Court's electronic filing system.

                                        */s/ Tyler P. Phillips*

EXHIBIT 1

# ACORD® CERTIFICATE OF LIABILITY INSURANCE

DATE (MM/DD/YYYY)
11/22/2024

THIS CERTIFICATE IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS UPON THE CERTIFICATE HOLDER. THIS CERTIFICATE DOES NOT AFFIRMATIVELY OR NEGATIVELY AMEND, EXTEND OR ALTER THE COVERAGE AFFORDED BY THE POLICIES BELOW. THIS CERTIFICATE OF INSURANCE DOES NOT CONSTITUTE A CONTRACT BETWEEN THE ISSUING INSURER(S), AUTHORIZED REPRESENTATIVE OR PRODUCER, AND THE CERTIFICATE HOLDER.

IMPORTANT: If the certificate holder is an ADDITIONAL INSURED, the policy(ies) must have ADDITIONAL INSURED provisions or be endorsed. If SUBROGATION IS WAIVED, subject to the terms and conditions of the policy, certain policies may require an endorsement. A statement on this certificate does not confer rights to the certificate holder in lieu of such endorsement(s).

| PRODUCER | | | |
|---|---|---|---|
| Guy Hurley, LLC | CONTACT NAME: Debbie Rossi | | |
| 989 E. South Boulevard | PHONE (A/C, No, Ext): (248) 519-1400 | | FAX (A/C, No): (248) 519-1401 |
| Suite 200 | E-MAIL ADDRESS: drossi@ghbh.com | | |
| Rochester Hills       MI  48307 | INSURER(S) AFFORDING COVERAGE | | NAIC # |
| | INSURER A : EMCASCO Insurance Company | | 21407 |
| INSURED | INSURER B : Employers Mutual Casualty Company | | 21415 |
| | INSURER C : | | |
| | INSURER D : | | |
| | INSURER E : | | |
| | INSURER F : | | |

## COVERAGES          CERTIFICATE NUMBER:  23-24 Master          REVISION NUMBER:

THIS IS TO CERTIFY THAT THE POLICIES OF INSURANCE LISTED BELOW HAVE BEEN ISSUED TO THE INSURED NAMED ABOVE FOR THE POLICY PERIOD INDICATED. NOTWITHSTANDING ANY REQUIREMENT, TERM OR CONDITION OF ANY CONTRACT OR OTHER DOCUMENT WITH RESPECT TO WHICH THIS CERTIFICATE MAY BE ISSUED OR MAY PERTAIN, THE INSURANCE AFFORDED BY THE POLICIES DESCRIBED HEREIN IS SUBJECT TO ALL THE TERMS, EXCLUSIONS AND CONDITIONS OF SUCH POLICIES. LIMITS SHOWN MAY HAVE BEEN REDUCED BY PAID CLAIMS.

| INSR LTR | TYPE OF INSURANCE | ADDL INSD | SUBR WVD | POLICY NUMBER | POLICY EFF (MM/DD/YYYY) | POLICY EXP (MM/DD/YYYY) | LIMITS | |
|---|---|---|---|---|---|---|---|---|
| A | ☒ COMMERCIAL GENERAL LIABILITY ☐ CLAIMS-MADE ☒ OCCUR ☒ Contractual Liability GEN'L AGGREGATE LIMIT APPLIES PER: ☒ POLICY ☐ PRO-JECT ☐ LOC ☐ OTHER: | | | 6X61429 | 12/20/2023 | 12/20/2024 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | DAMAGE TO RENTED PREMISES (Ea occurrence) | $ 500,000 |
| | | | | | | | MED EXP (Any one person) | $ 10,000 |
| | | | | | | | PERSONAL & ADV INJURY | $ 1,000,000 |
| | | | | | | | GENERAL AGGREGATE | $ 2,000,000 |
| | | | | | | | PRODUCTS - COMP/OP AGG | $ 2,000,000 |
| | | | | | | | Employee Benefits | $ 1,000,000 |
| B | AUTOMOBILE LIABILITY ☒ ANY AUTO ☐ OWNED AUTOS ONLY ☐ SCHEDULED AUTOS ☐ HIRED AUTOS ONLY ☐ NON-OWNED AUTOS ONLY | | | 6X61429 | 12/20/2023 | 12/20/2024 | COMBINED SINGLE LIMIT (Ea accident) | $ 1,000,000 |
| | | | | | | | BODILY INJURY (Per person) | $ |
| | | | | | | | BODILY INJURY (Per accident) | $ |
| | | | | | | | PROPERTY DAMAGE (Per accident) | $ |
| | | | | | | | Uninsured motorist | $ |
| B | ☒ UMBRELLA LIAB ☒ OCCUR ☐ EXCESS LIAB ☐ CLAIMS-MADE ☐ DED ☐ RETENTION $ | | | 6X61429 | 12/20/2023 | 12/20/2024 | EACH OCCURRENCE | $ 1,000,000 |
| | | | | | | | AGGREGATE | $ 1,000,000 |
| | | | | | | | | $ |
| A | WORKERS COMPENSATION AND EMPLOYERS' LIABILITY ANY PROPRIETOR/PARTNER/EXECUTIVE OFFICER/MEMBER EXCLUDED? (Mandatory in NH) If yes, describe under DESCRIPTION OF OPERATIONS below     Y/N ☐ N | N/A | | 6H61429 | 06/30/2024 | 12/20/2024 | ☒ PER STATUTE   ☐ OTH-ER | |
| | | | | | | | E.L. EACH ACCIDENT | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - EA EMPLOYEE | $ 1,000,000 |
| | | | | | | | E.L. DISEASE - POLICY LIMIT | $ 1,000,000 |
| A | Leased/Rented Equipment | | | 6C61429 | 12/20/2023 | 12/20/2024 | Leased/Rented | $75,000 |

DESCRIPTION OF OPERATIONS / LOCATIONS / VEHICLES (ACORD 101, Additional Remarks Schedule, may be attached if more space is required)

| CERTIFICATE HOLDER | CANCELLATION |
|---|---|
| Evidence of Insurance | SHOULD ANY OF THE ABOVE DESCRIBED POLICIES BE CANCELLED BEFORE THE EXPIRATION DATE THEREOF, NOTICE WILL BE DELIVERED IN ACCORDANCE WITH THE POLICY PROVISIONS. AUTHORIZED REPRESENTATIVE |

© 1988-2015 ACORD CORPORATION. All rights reserved.

ACORD 25 (2016/03)          The ACORD name and logo are registered marks of ACORD

# EXHIBIT 2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                     Case No.: 24-13244

vs.                                 Honorable: Laurie J. Michelson

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.
_____/

## ORDER GRANTING DEAN MARINE & EXCAVATING, INC.'S MOTION FOR SUBSTITUTE CUSTODIAN

     Plaintiff, Dean Marine & Excavating, Inc. ("Dean Marine"), having brought

its Motion for Substitute Custodian, the Court having heard arguments regarding

same, and the Court otherwise being fully advised in the premises:

     IT IS HEREBY ORDERED that Plaintiff, Dean Marine's Motion is hereby

GRANTED.

1

IT IS FURTHER ORDERED that Dean Marine and Excavating, Inc. in consideration of the United States Marshal's consent to the substitution of custody, shall indemnify, hold harmless, and release the United States Marshal, the United States of America, their agents, servants, employees, and all others for whom they are responsible, from any and all liability and responsibility arising out of the care and custody of the vessel, her engines, tackle, appurtenances, furnishings, [cargo], etc. from the date of the transfer of possession of said vessel, her engines, tackle, appurtenances, furnishings, [cargo], etc.

IT IS FURTHER ORDERED that Dean Marine and Excavating, Inc. shall defend the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, against all claims and actions arising out of said substitute custody and, further, shall indemnify and hold harmless and be responsible to pay and satisfy all claims and judgments that might arise out of said substitute custody and shall be responsible and indemnify and hold harmless the United States of America, the United States Marshal, their agents, servants, employees, and all others for whom they are responsible, for all attorneys' fees, costs, expenses and disbursements incurred in defending against such claims or actions arising out of said substitute custody.

2

IT IS FURTHER ORDERED that the United States Marshal for the Eastern District of Michigan shall surrender the possession of the Defendant vessel to the substitute custodian named herein upon executing the warrant in this action.

IT IS FURTHER ORDERED that Dean Marine and Excavating, Inc. be, and is hereby, appointed the custodian of said vessel to retain the same in its custody for possession and safekeeping for the aforementioned compensation until further Order of the Court.

IT IS FURTHERORDERED that all United States Marshal's costs be paid prior to release of said vessel.

IT IS FURTHER ORDERED that the substitute custodian must receipt for the vessel and the United States Marshal must attest to the date and time of release on a certified copy thereof.

_____
Hon.

Dated:

EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

     Plaintiff,

                                           Case No.:

vs.                                   Honorable:

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
 a Michigan Corporation, FIRST OF AMERICA BANK
 – SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

     Defendants.

_____/

## **PLAINITFF'S VERIFIED COMPLAINT**

     Dean Marine & Excavating, Inc., through its attorneys, Kotz Sangster

Wysocki P.C., states as follows in support of Plaintiff's Verified Complaint:

## **JURISDICTION AND BACKGROUND**

1.     This complaint seeks foreclosure of a maritime lien.

2.     46 USC §§ 31341-31343 grants a maritime lien to parties who perform

services to a vessel.

3. 28 USC § 1333 grants this Court original and exclusive jurisdiction over maritime actions.

4. This Court has supplemental jurisdiction under 28 USC § 1367 because the other claims in this action arise out of the same transaction or occurrence giving rise to this Court's original jurisdiction.

5. Fed. R. Civ. P. Supplemental Rules for Certain Admiralty and Maritime Claims (C) governs the filing of an "in rem" action to enforce a maritime lien.

6. Plaintiff, Dean Marine & Excavating, Inc. ("Dean Marine") is a Michigan corporation with its primary place of business located at 75 Avery Street, Mt. Clemens, Macomb County, Michigan.

7. Upon information and belief, the Dean family ("Owner"), an entity that is believed to be synonymous with Defendants Daniel Dean ("D. Deane") and Nicholson Terminal & Dock Company ("Nicholson"), is the current owner of the 96.75 foot vessel known as "HELENE," with official Coast Guard Number 226316 and is a resident of the State of Michigan. **Exhibit 1**.

8. Defendant, a vessel, "HELENE" (the "Vessel") is a 96.75 foot motor yacht, with official Coast Guard Number 226316.

9. Defendant, Nicholson Terminal & Dock Company is a domestic profit corporation that, upon information and belief, has its principal place of business located at 380 E Great Lakes Ave, Ecorse, Michigan 48229.

2

10.    Defendant, Daniel Deane is an individual who, upon information and belief, is the President of Nicolson and resides at 239 Dean Ln, Grosse Pointe Farms, Michigan 48236.

11.    Defendant, First of American Bank – Security nka First of America Bank – Southeast Michigan, N.A. is a domestic profit corporation that, upon information and belief, has its principal place of business located at 211 South Rose Street, Kalamazoo, Michigan 49007.

12.    Defendant, Shamrock Chartering Co. is a domestic profit corporation that, upon information and belief, has its principal place of business located at 380 E Great Lakes Ave, Ecorse, Michigan 48229.

13.    Starting March 5, 2024 and ending March 13, 2024, D. Deane, on behalf of Nicholson, entered into a contract with Dean Marine to salvage the Vessel, which had sunk. Such salvage work included, but is not necessarily limited to, the work described in the invoice attached as **Exhibit 2** and incorporated by reference hereto.

14.    Such work is necessary for the operation of the Vessel.

15.    Upon information and belief, Owner also owned the Vessel on the dates the salvage work was performed.

3

16.    Pursuant to the Abstract of Title, it is also possible that Shamrock Chartering Co. and First of America Bank – Security nka First of American Bank – Southeast Michigan, N.A. may have an interest in the Vessel. **Exhibit 3**.

17.    Upon information and belief, the Vessel is currently located at Nicholson's Ecorse Terminal, 360 E Great Lakes Ave, Ecorse, Michigan 48229.

## COUNT I –
## FORECLOSURE OF MARITIME LIEN
## (ALL DEFENDANTS)

18.    Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

19.    Dean Marine entered into a contract with D. Deane, who was contracting on behalf of Nicholson, to salvage the Vessel.

20.    D. Deane represented his/Nicholson's ownership of the Vessel at the time he entered into the contract for salvage.

21.    D. Deane demonstrated full control of the Vessel at the time he entered into the contract for salvage.

22.    Dean Marine salvaged the sunken Vessel.

23.    The reasonable value of the labor and services which remains unpaid is One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), exclusive of interest.

24.     Despite Dean Marine's repeated demands to D. Deane for payment of the labor and services provided, it has not received payment of the amount due.

25.     As a result of the above, Dean Marine has suffered damages in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12).

26.     As a result of the above, Dean Marine holds a maritime lien against the Vessel.

27.     As a result of the above, Dean Marine's maritime lien takes priority over any preferred ship mortgage which may be held by another party.

WHEREFORE, Dean Marine & Excavating, Inc. requests the Court grant the following relief:

a.     That service of process in rem pursuant to supplemental rules C and E of admiralty and maritime claims issue against the Vessel, her engines, tackle, machinery, appurtenances, and apparel, etc. and that all persons having or claiming any interest in said Vessel be cited to appear and answer under oath all and singular the above matters;

b.     That judgment be granted in favor of Dean Marine & Excavating, Inc. and against the Vessel in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars

($128,127.12), plus any interest as allowed by law, costs and attorneys' fees, and such further relief as this Court deems just;

  c.  That a warrant for arrest of the Vessel be issued;

  d.  That the Vessel be sold at auction, as authorized by law, to satisfy any judgment against the Vessel;

  e.  That Dean Marine & Excavating, Inc.'s maritime lien be declared superior in right to any other party's preferred ship mortgage and that any proceeds from any sale of the Vessel shall be distributed first for repayment of Dean Marine & Excavating, Inc.'s maritime lien before any subsequent claim by any other party; and

  f.  That Dean Marine & Excavating, Inc. be granted such further relief as this Court deems just.

**COUNT II—**
**BREACH OF CONTRACT**
**(NICHOLSON AND D. DEANE)**

28.  Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

29.  This Court has supplemental jurisdiction for this count under 28 USC § 1367.

30.  Dean Marine and D. Deane, on behalf of Nicholson, entered into a valid contract to salvage the Vessel.

6

31. Dean Marine fully performed the terms of its contract with D. Deane/Nicholson by tendering the salvage services.

32. D. Deane/Nicholson accepted Dean Marine's tender of the same.

33. Despite demand, D. Deane/Nicholson has failed to pay Dean Marine for the salvage services.

34. D. Deane's/Nicholson's failure to provide payment for the salvage services is a material breach of the parties' contract.

35. As a direct and proximate result of the failure and refusal of D. Deane/Nicholson to pay for the salvage services, Dean Marine has incurred damages in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12).

WHEREFORE, Dean Marine & Excavating, Inc. requests this Court enter judgment in its favor against Daniel Deane and Nicholson Terminal & Dock Company in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus any interest as allowed by law, costs and attorneys' fees and such further relief as this Court deems just.

## COUNT III –
## ACCOUNT STATED
## (NICHOLSON AND D. DEANE)

36.     Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

37.     This Court has supplemental jurisdiction for this matter under 28 USC § 1367.

38.     Dean Marine sold the salvage services to D. Deane, who was contracting on behalf of Nicholson, on open account.

39.     Dean Marine rendered invoices to Nicholson via D. Deane, which remain outstanding at this time.

40.     Dean Marine has issued statements to D. Deane/Nicholson for payment of the balance due in the amount of One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus costs, interest, and attorneys' fees.

41.     The account has become stated as to Nicholson and D. Deane.

42.     Attached hereto as **Exhibit 4** and incorporated herein by reference is the Affidavit of Amount Due executed by the President of Dean Marine, on Dean Marine's behalf, indicating a balance due to Dean Marine from Nicholson/D. Deane in the amount of One Hundred Twenty-Eight Thousand One Hundred

Twenty-Seven and 12/100 Dollars ($128,127.12), plus costs, interest, and attorneys' fees.

WHEREFORE, Dean Marine & Excavating, Inc. requests this Court enter judgment in its favor against Daniel Deane and Nicholson Terminal & Dock Company in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus any interest as allowed by law, costs and attorneys' fees and such further relief as this Court deems just.

## COUNT IV –
## UNJUST ENRICHMENT
## (NICHOLSON AND D. DEANE)

43. Dean Marine incorporates the preceding paragraphs by reference as if fully stated herein.

44. This Court has supplemental jurisdiction for this matter under 28 USC § 1367.

45. Upon request by D. Deane, who was contracting on behalf of Nicolson, Dean Marine provided salvage services to Nicholson/D. Deane.

46. Nicholson/D. Deane has received the benefit of the salvage services.

47. Nicholson/D. Deane has not paid Dean Marine the amount due for the salvage services.

48.     It is unjust and inequitable to allow D. Deane, Nicholson or the Owner to have continued use and enjoyment of the salvage services, without having the corresponding obligation to make payment to Dean Marine.

49.     In the event D. Deane/Nicholson is permitted to receive and retain the salvage services without making just and adequate payment for same, D. Deane/Nicholson will be unjustly enriched at the expense of Dean Marine.

WHEREFORE, Dean Marine & Excavating, Inc. requests this Court enter judgment in its favor against Daniel Deane and Nicholson Terminal & Dock Company in the amount of no less than One Hundred Twenty-Eight Thousand One Hundred Twenty-Seven and 12/100 Dollars ($128,127.12), plus any interest as allowed by law, costs and attorneys' fees, and such further relief as this Court deems just.

Respectfully submitted,

KOTZ SANGSTER WYSOCKI P.C.

/s/ Jeffrey M. Sangster
By:  Jeffrey M. Sangster (P30791)
       Tyler P. Phillips (P78280)
        Michael J. Sapick (P80999)
Attorneys for Plaintiff
400 Renaissance Center, Suite 3400
Detroit, MI 48243
(313) 259-8300
jsangster@kotzsangster.com
tphillips@kotzsangster.com

Dated:  December 5, 2024

I verify under penalty of perjury that the above facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

_____
Dean Williams – President
Dean Marine & Excavating, Inc.

Sworn and subscribed to me on this 28th day of October 2024

Douglas H. Rettberg Notary Public
Oakland County, Michigan
Acting in Macomb County
My Commission Expires: 6·6·2028

Douglas H Rettberg
Notary Public State of Michigan
Oakland County
My Commission Expires  6/6/2028
Acting In the County of Macomb

# EXHIBIT 1

# BGSU. University **Libraries**

# Historical Collections of the Great Lakes

# Dean family

Historical Collections of the Great Lakes / Vessels / HELENE / Dean family

| | |
|---|---|
| **Name** | Dean family |
| **Vessel Owner For** | HELENE |
| **City** | Detroit |
| **State** | MI |
| **Country** | United States |
| **Begin Date** | 1 January 1980 |
| **Registry** | U.S. |
| **Official Number** | 226316 |

Bowling Green State University • Bowling Green, Ohio • 43403-0001 • 419-372-2531 • sprangm@bgsu.edu

# BGSU. University **Libraries**

# Historical Collections of the Great Lakes

# HELENE

Historical Collections of the Great Lakes / Vessels / HELENE



## **Registry and Rig Information**

| Name | HELENE |
|---|---|
| **Registry** | U.S. |
| **Official Number** | 226316 |
| **Rig** | Motor Yacht |

## **Dimensions and Tonnage**

| Length | 96.75 |
|---|---|
| **Width** | 16.66 |
| **Depth** | 7.66 |
| **Gross Tonnage** | 104.00 |
| **Net Tonnage** | 70.00 |
| **Hull Material** | Steel |
| **Hull Number** | 00121 |

## **Vessel History**

| Rebuilds | Tonnage change, 1975 [99 gross - 67 net]. |
|---|---|

# Build Information

| Builder | Defoe Boat and Motor Works |
|---|---|
| Place Built | Bay City, MI |
| Date Built | 1927-00-00 |

## Source

| Source | HCGL |
|---|---|

## Vessel Owners

| Name | Begin Date | End Date | Registry | Official Number |
|---|---|---|---|---|
| C.M. Verbiest and Associates, Inc. | 1964-00-00 | 1980-01-01 | U.S. | 226316 |
| Charles E. Sorensen | 1927-00-00 | 1936-00-00 | U.S. | 226316 |
| Dean family | 1980-01-01 | | U.S. | 226316 |
| G.W. Ford Yacht Agency | 1946-00-00 | 1949-00-00 | U.S. | 226316 |
| Queens Tire and Supply Corp. | 1941-00-00 | 1943-00-00 | U.S. | 226316 |
| Robert C. Renolde | 1949-00-00 | 1962-00-00 | U.S. | 226316 |
| Robert S. Brown | 1936-00-00 | 1941-00-00 | U.S. | 226316 |
| Ruth L. Renolde | 1962-00-00 | 1964-00-00 | U.S. | 226316 |
| U.S. Government | 1943-00-00 | 1946-00-00 | U.S. | 226316 |

Bowling Green State University • Bowling Green, Ohio • 43403-0001 • 419-372-2531 • sprangm@bgsu.edu

EXHIBIT 2



# Invoice

| Date | Invoice # |
|------|-----------|
| 3/18/2024 | 128867 |

**DEAN MARINE AND EXCAVATING INC**

75 AVERY STREET
MOUNT CLEMENS
MI 48043

| Bill To |
|---------|
| Nicholson Terminal & Dock Company<br>360 E Great Lakes St<br>River Rouge, Mi<br>48218 |

| Phone # | E-mail | P.O. No. | Terms | Project |
|---------|--------|----------|-------|---------|
| 586-855-6751 | doug@deanmarine.net | Dan Dean | Due on receipt | Nicholson Boat Salv... |

| Serviced | Description | Quantity | Rate | Amount |
|----------|-------------|----------|------|--------|
| 3/5/2024 | F550 Flatbed and Tag Trailer Transit DME MC Yard - Port of Detroit Pick up Spreader Beam, Transit to Nicholson Ecorse Dock - Transit to DME MC Yard | 6 | 125.00 | 750.00 |
| 3/8/2024 | Tug Enduring Freedom ST-911, and Crane Barge DME-167 Transit from DME Rouge Dock - Nicholson Ecorse Dock | 4 | 850.00 | 3,400.00 |
| 3/8/2024 | Crane Barge DME-167 with Manitowoc 222 100ton Crane, Deck Equipment and Crew | 4 | 1,500.00 | 6,000.00 |
| 3/8/2024 | Tug Enduring Freedom ST-911 Transit to BTI-2010. Transit BTI-2010 to Nicholson Ecorse Dock | 4 | 850.00 | 3,400.00 |
| 3/8/2024 | Crane Barge BTI-2010 with Manitowoc 888 230ton Crane, Deck Equipment and Crew | 4 | 1,500.00 | 6,000.00 |
| 3/11/2024 | Crane Barge BTI-2010 with Manitowoc 888 230ton Crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, 0700-1500 | 8 | 1,500.00 | 12,000.00 |
| 3/11/2024 | Crane Barge BTI-2010 with Manitowoc 888 230ton Crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, OT Over 8 Hours 1500-1800 | 3 | 1,750.00 | 5,250.00 |
| 3/11/2024 | Crane Barge DME-167 with Manitowoc 222 100ton crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, 0700-1500 | 8 | 1,500.00 | 12,000.00 |

| | | |
|---|---|---|
| | **Total US Funds** | |
| **Web Site** | **Payments/Credits** | |
| deanmarine.net | **Balance Due** | |



# Invoice

| Date | Invoice # |
|------|-----------|
| 3/18/2024 | 128867 |

**DEAN MARINE AND EXCAVATING INC**

75 AVERY STREET
MOUNT CLEMENS
MI 48043

| Bill To |
|---------|
| Nicholson Terminal & Dock Company<br>360 E Great Lakes St<br>River Rouge, Mi<br>48218 |

| Phone # | E-mail | P.O. No. | Terms | Project |
|---------|--------|----------|-------|---------|
| 586-855-6751 | doug@deanmarine.net | Dan Dean | Due on receipt | Nicholson Boat Salv... |

| Serviced | Description | Quantity | Rate | Amount |
|----------|-------------|----------|------|--------|
| 3/11/2024 | Crane Barge DME-167 with Manitowoc 222 100ton crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, OT Over 8 Hours 1500-1800 | 3 | 1,750.00 | 5,250.00 |
| 3/11/2024 | 18' Support Vessel | 1 | 1,250.00 | 1,250.00 |
| 3/11/2024 | Tug Enduring Freedom ST-911 on site at Nicholson Boat Salvage 0700-1500 | 8 | 850.00 | 6,800.00 |
| 3/11/2024 | Tug Enduring Freedom ST-911 on site at Nicholson Boat Salvage, OT Over 8 Hours 1500-1800 | 3 | 1,150.00 | 3,450.00 |
| 3/12/2024 | Crane Barge BTI-2010 with Manitowoc 888 230ton Crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, 0700-1500 | 8 | 1,500.00 | 12,000.00 |
| 3/12/2024 | Crane Barge BTI-2010 with Manitowoc 888 230ton Crane, Deck Equipment and crew on site at Nicholson Boat Salvage, OT Over 8 Hours 1500-1700 | 2 | 1,750.00 | 3,500.00 |
| 3/12/2024 | Crane Barge DME-167 with Manitowoc 222 100ton Crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, 0700-1500 | 8 | 1,500.00 | 12,000.00 |
| 3/12/2024 | Crane Barge DME-167 with Manitowoc 222 100ton Crane, Deck Equipment and Crew on site at Nicholson Boat Salvage, OT Over 8 Hours 1500-1700 | 2 | 1,750.00 | 3,500.00 |
| 3/12/2024 | 18' Support Vessel | 1 | 1,250.00 | 1,250.00 |

| Web Site | | **Total US Funds** | |
|----------|--|--------------------|--|
| deanmarine.net | | **Payments/Credits** | |
| | | **Balance Due** | |



# Invoice

| Date | Invoice # |
|------|-----------|
| 3/18/2024 | 128867 |

**DEAN MARINE AND EXCAVATING INC**

75 AVERY STREET
MOUNT CLEMENS
MI 48043

| Bill To |
|---------|
| Nicholson Terminal & Dock Company
360 E Great Lakes St
River Rouge, Mi
48218 |

| Phone # | E-mail | P.O. No. | Terms | Project |
|---------|--------|----------|-------|---------|
| 586-855-6751 | doug@deanmarine.net | Dan Dean | Due on receipt | Nicholson Boat Salv... |

| Serviced | Description | Quantity | Rate | Amount |
|----------|-------------|----------|------|--------|
| 3/12/2024 | Tug Enduring Freedom ST-911 on site at Nicholson Boat Salvage, 0700-1500 | 8 | 850.00 | 6,800.00 |
| 3/12/2024 | Tug Enduring Freedom ST-911 on site at Nicholson Boat Salvage, OT Over 8 Hours 1500-1700 | 2 | 1,150.00 | 2,300.00 |
| 3/13/2024 | Tug Enduring Freedom ST-911, and DME-167 transit from Nicholson Ecorse Dock - DME Rouge Dock | 4 | 850.00 | 3,400.00 |
| 3/13/2024 | Crane Barge DME-167 with Manitowoc 222 100ton Crane, Deck Equipment and Crew | 4 | 1,500.00 | 6,000.00 |
| 3/13/2024 | Tug Enduring Freedom ST-911, BTI-2010 transit Nicholson Ecorse Dock - DME Rouge Dock | 4 | 850.00 | 3,400.00 |
| 3/13/2024 | Crane Barge BTI-2010 with Manitowoc 888 230ton Crane, Deck Equipment and Crew | 4 | 1,500.00 | 6,000.00 |
| 3/13/2024 | Rigging Equipment, Shackles, Straps, ETC. | 1 | 2,427.12 | 2,427.12 |

| | |
|---|---|
| **Total US Funds** | $128,127.12 |
| **Payments/Credits** | $0.00 |
| **Balance Due** | $128,127.12 |

| Web Site |
|----------|
| deanmarine.net |

EXHIBIT 3

# GENERAL INDEX OR ABSTRACT OF TITLE

226316 (Official number)

all screw (flag)

New York, N.Y. (Present home port)   HELENE (Name of vessel)

This vessel was built at __Bay City, Michigan__ in __1927__ of __steel__
by __Defoe Boat & Motor Works__ for __Charles E. Sorensen__
as appears by __Certificate of H. J. Defoe, Principal carpenter for Defoe Boat & Motor Works, builder,__
on file in this office.

| GRANTOR | GRANTEE | Kind of instrument and port conveyed | Date of instrument and date of maturity | Consideration or amount and discharge amount | Received for record | Recorded | Time of endorsement and entry of approval of home port | Port where endorsed |
|---|---|---|---|---|---|---|---|---|
| RECORD AT NEW YORK, NY | | | | | | | | |
| Copy of Abstract and Certificate of Record of Title from the Port of Detroit, Michigan in the District of Michigan dated April 18, 1929 Master Carpenter's Certificate of Defoe Boat & Motor Works (builder) Bay City, Michigan on file in this office. THERE ARE NO LIENS, MORTGAGES, OR ENCUMBRANCES AGAINST SAID VESSEL ON FILE IN THIS OFFICE. RECORD OF VESSEL AT TOLEDO, OHIO | | | | | | | | |
| Abstract of Title issued at Detroit, under Sec. 30 Sub S H(e) MM Act 1920 | | | | | May 10, 1929 9 A.M. | Abstracts 19 | | |
| Charles E. Sorensen | C. O. Miniger | Bill of Sale May 13, 1929 $1.00 Whole | | | May 16, 1929 at 9:30 A.M. | Book 18 Page 23 | | |
| Collector of Customs Toledo, Ohio | Collector of Customs Tampa, Florida | RECORD OF VESSEL AT TAMPA, FLORIDA Abstract of Title Nov. 4, 1935 Whole | | | Nov. 5, 1935 at 2:00 P.M. | Book 1362 A Page 157 | | |
| C. O. Miniger | Robert S. Brown | Bill of Sale Oct. 23,1935 $10.00 &other Whole | | | Nov. 5, 1935 at 2:00 P.M. | Book 1347 g Page 41 | | |
| THERE ARE NO LIENS OR MORTGAGES OF RECORD IN THIS OFFICE AGAINST THE SAID VESSEL | | | | | | | | |
| | | RECORD AT NEW YORK, N.Y. | | | | | | |
| Collector of Customs Tampa, Florida | Collector of Customs New York, N.Y. | Abstract of Title Apr. 9, 1941 Whole | | | April 16, 1941 at 10:25 A.M. | Book H(e)13 Page 56 | | |
| Robert S. Brown | Queens Tire & Supply Corporation | Bill of Sale Apr. 9, 1941 $35,000.00 Whole | | | Apr. 16, 1941 at 10:25 A.M. | Book 102 y Page 68 | | |
| Permanent Yacht Enrollment No. 103 issued at New York, N.Y. on Apr. 16, 1941 in the ownership of Queens Tire & Supply Corp. surrendered at New York, N.Y. on Feb. 18, 1943; Requisitioned by War Shipping Administration letter dated Feb. 4, 1943; redocumented at New York, N.Y. on May 27, 1946; Property changed and Permanent Yacht-Enrollment issued in the ownership of Gerald W. Ford, doing business as G. W. Ford Yacht Agency | | | | | | | | |
| Queens Tire & Supply Corp. | United States of America represented by the War Shipping Administration | Bill of Sale Nov. 2,1943 $37,500.00 Whole | | | May 27, 1946 at 3:45 P.M. | Book 40 T 69 | | |
| United States of America represented by the Acting Administrator War Shipping Administration | Gerald W. Ford doing business as G. W. Ford Yacht Agency | Bill of Sale May 3,1946 $10.00 Whole | | | May 27, 1946 at 3:45 P.M. | 40 T-66 | | |
| Collector of Customs New York, N.Y. | Collector of Customs Detroit, Michigan | Abstract of Title 4/13/49 | | | April 20, 1949 3:00 P.M. | Binder 1 Inch 9 | | |

**GENERAL INDEX OR ABSTRACT OF TITLE**

Customs Form 1364-A
TREASURY DEPARTMENT
A.17, L.35, L.54, L.55.—G. R. 1943
L.55, C. M. 1943
Oct. 1943

**Continuation Sheet No.** 1

(4) _____
(5) 228516
  (Official number)
(2) 011 Yacht
  (Rig)
(1) RELIEF
  (Name of vessel)

Tampa, Florida
(Former home port)

| GRANTOR | GRANTEE | Kind of instrument and part conveyed | Date of instrument and date of maturity | Consideration or amount and discharge amount | Received for record | Recorded | Time of endorsement and entry or approval of home port | Port where endorsed |
|---|---|---|---|---|---|---|---|---|
| | THERE ARE NO LIENS OR MORTGAGES OF RECORD IN THIS OFFICE AGAINST THE SAID VESSEL | | | | | | | |
| | I certify that the foregoing which is issued in accordance with the provisions of Section 5,53 (1), Customs Regulations of 1943, incident to a change in home port, is a true abstract of title of the vessel described above, as appears by the records of this office. | | | | | | | |
| | NEW YORK, N.Y. | | | | | | | |
| | APRIL 15th 1949 | | | | William R. [illegible] | | | |
| | | | | | Deputy Collector | | | |
| | | | | | APRIL 20, 1949 3:00 P.M. | BINDER No. 1 INST. 2 | | |

Customs Form 1339
TREASURY DEPARTMENT
1.17, 1.18, 1.19, 1.20—C. D. 1943
R.D., C. D. 1943
Oct. 1943

# GENERAL INDEX OR ABSTRACT OF TITLE

CONTINUATION SHEET NO. 2

226316
(Official number)
CL., S., V.
(Rig)
New York, N. Y.         HELENE
(Former home port)      (Name of vessel)

(4) .....................
(3) .....................
(2) .....................
(1) .....................

This vessel was built at Bay City, Michigan _____ in 1927 of Steel
by Defoe Boat & Motor Works _____ for Charles E. Sorensen
as appears by the certificate of the builder, on file in this office. (Detroit, Mich.)

| GRANTOR | GRANTEE | Kind of instrument and port conveyed | Date of instrument and date of maturity | Consideration or amount and discharge amount | Received for record | Recorded | Time of endorsement and entry or approval of home port | Port where endorsed |
|---|---|---|---|---|---|---|---|---|
| | | RECORD AT DETROIT, MICHIGAN | | | | | | |
| Collector of Customs, New York, N.Y. | Collector of Customs, Detroit, Michigan | Abstract of Title | 4/13/49 | - - | April 20, 1949 3:00 P.M. | Binder 1 Inst. 2 | A | |
| Gerald W. Ford, doing business as G. W. Ford Yacht Agency. | Albert E. Schumbacher | B/S | 3/21/48 | 1:00 & o.v.c. | April 20, 1949 3:00 P.M. | Book 1 B/S Inst. 179 | | |
| | | WHOLE | | | | | | |
| Albert E. Schumbacher | Robert C. Renolde | B/S | 2/17/49 | 10:00 & o.co | April 20, 1949 3:00 P.M. | Book 1 B/S Inst. 180 | | |
| | | WHOLE | | | | | April 20, 1949 | |
| Robert C. Renolde | Robert C. Renolde and Ruth L. Renolde | B/S | 11/16/59 | $1.00 & O.V.C. | November 16,1959 3:00 P.M. | Book 4 B/S Inst. 22 | November 16,1959 | |
| | | WHOLE | | | | | | |
| Ruth L. Renolde | C. M. Verbiest & Associates, Inc. | B/S | 8/11/64 | $75,000.00 | August 17, 1964 3:00 P.M. | B/S Book 5 Inst. 70 | August 17, 1964 | |
| | | WHOLE | | | | | | |
| C.M. Verbiest & Associates, Inc. | Shamrock Chartering Co. | B/S | 9 April 80 | $75,000.00 | 11 April 1980 10:40A.M. | B/S Book 12 Instr. 231 | 11 April 1980 | |
| | | Whole | | | | | | |
| DELETED FROM DOCUMENTATION, 17 SEPTEMBER 1985 CLEVELAND, OH - FAILURE TO RENEW | | | | | | | | |
| 10/1/85 - RETURNED VESSEL TO DOCUMENTATION AT CLEVELAND, OH IN THE OWNERSHIP OF SHAMROCK CHARTERING CO. | | | | | | | | |

| DEPARTMENT OF TRANSPORTATION U.S. COAST GUARD CG-1332A (REV. 9-92) | | GENERAL INDEX OR ABSTRACT OF TITLE CONTINUATION SHEET NO. 13 | | | OFFICIAL NO. 226316 |

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | BOOK | PAGE |
|---|---|---|---|---|---|
| M | 100% | 03MAR94 | $1,830,000.00 | BOX 2-94 | 370 |
| FILED PORT | | DATE | TIME | | DATE TERMINATED |
| CLEVELAND, OH | | 21MAR94 | 1:13PM | | NA |
| GRANTOR | | | | | |
| SHAMROCK CHERTERING CO | | | | | |
| GRANTEE | | | | | |
| FIRST OF AMERICA BANK - SECURITY | | | | | |

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | BOOK | PAGE |
|---|---|---|---|---|---|
| SMTG | 100% | 11/9/94 | $1,830,000.00 | BOX 6-94 | 164 |
| FILED PORT | | DATE | TIME | | DATE TERMINATED |
| CLEVELAND, OH | | 11/15/94 | 9:05 AM | | NA |
| GRANTOR | | | | | |
| FIRST OF AMERICA BANK -SECURITY nka FIRST OF AMERICA BANK-SOUTHEAST MICHIGAN, N.A. | | | | | |
| GRANTEE | | | | | |
| SHAMROCK CHARTERING CO | | | | | |

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | BOOK | PAGE |
|---|---|---|---|---|---|
| | | | | | |
| FILED PORT | | DATE | TIME | | DATE TERMINATED |
| | | | | | |
| GRANTOR | | | | | |
| | | | | | |
| GRANTEE | | | | | |

| INSTRUMENT | % CONVEYED | DATE | AMOUNT | BOOK | PAGE |
|---|---|---|---|---|---|
| | | | | | |
| FILED PORT | | DATE | TIME | | DATE TERMINATED |
| | | | | | |
| GRANTOR | | | | | |
| | | | | | |
| GRANTEE | | | | | |

☐ ISSUED AS AN ABSTRACT OF TITLE          ☐ ISSUED FOR CHANGE OF PORT OF RECORD

DATE:                    TIME:

PORT:                    PAGE     OF

DOCUMENTATION OFFICER

PREVIOUS EDITION OBSOLETE          *U.S. Government Printing Office: 1992 — 312-673/62947          SN 7530-01-GF3-2260

# U.S. Coast Guard
## GENERAL INDEX OR ABSTRACT OF TITLE
Continuation Sheet No. 4

**ISSUED AS AN ABSTRACT OF TITLE AS OF**

DATE: 10/17/2024          TIME: 6:30 AM

*Christna H. Wadkun*

DIRECTOR, NATIONAL VESSEL DOCUMENTATION CENTER

EXHIBIT 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DEAN MARINE & EXCAVATING, INC.
a Michigan corporation,

      Plaintiff,

vs.

                                        Case No.:
                                        Honorable:

THE VESSEL "HELENE" her engines,
tackle, machinery, appurtenances, and
apparel, etc. in rem., a vessel on the navigable
waterways of the United States of America,
DANIEL DEANE, an individual,
NICHOLSON TERMINAL & DOCK COMPANY,
a Michigan Corporation, FIRST OF AMERICA BANK
– SECURITY nka FIRST OF AMERICA BANK –
SOUTHEAST MICHIGAN, N.A., a Michigan Corporation,
and SHAMROCK CHARTERING CO. a Michigan Corporation

      Defendants.

_____/

## **AFFIDAVIT OF ACCOUNT DUE**

STATE OF MICHIGAN      )
                         ) SS.
COUNTY OF MACOMB     )

      I, Dean Williams, being first duly sworn, depose and say that:

      1.    I am an officer for Dean Marine & Excavating, Inc. and, if called

upon as a witness, can testify competently as to all matters set forth herein.

      2.    Daniel Deane and Nicholson Terminal & Dock Company are

presently indebted to Dean Marine & Excavating, Inc. on open account in the

principal amount of One Hundred Twenty-Eight Thousand One Hundred

Twenty-Seven and 12/100 Dollars ($128,127.12), plus costs, interest, and

attorney fees, over and above all known legal counter-claims or set-offs.

Further Affiant sayeth not.

By: _____

Dean Williams
Its:  President


STATE OF MICHIGAN            )
                             ) SS
COUNTY OF MACOMB             )

On the ___5___ day of _December_, 2024, before me, the undersigned, a
Notary Public in and for said state, personally appeared Dean Williams,
personally known to me (or proved to me on the basis of satisfactory evidence)
to be the person whose name is subscribed to the within instrument and
acknowledged to me that executed it.

Subscribed and sworn to before me
this _5_ day of _December_, 2024.

Douglas H Rettberg
Notary Public State of Michigan
Oakland County
My Commission Expires  6/6/2028
Acting in the County of _Macomb_

_Douglas H. Rettberg_ Notary Public
_Oakland_ County, Michigan
My Commission Expires: _6·6·2028_
Acting in the County of _Macomb_