**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Dean Marine & Excavating, Inc., | ) | Case No. 2:24-cv-13244-LJM-APP |
| Plaintiff, | ) | Hon. Laurie J. Michelson |
| vs. | ) | |
| The Vessel "Helene", et al., | ) | |
| Defendants. | ) | |

## ANSWER

Defendants, The Vessel "Helene", etc. (the "Vessel"); Daniel Deane ("D. Deane"); Nicholson Terminal & Dock Company ("Nicholson"); and Shamrock Chartering Co. ("Shamrock"), respond as follows regarding the numbered paragraphs of the Complaint of Plaintiff, Dean Marine & Excavating, Inc. ("Plaintiff" or "Dean Marine"):

### Introduction

Shamrock Chartering Co. is the owner of the Vessel. (See Complaint, Exhibit 3) In early 2024, Shamrock contracted with Dean Marine to salvage the Vessel, which had sunk; Dean Marine was to perform the work on a "time and materials" basis. Dean Marine performed the work to salvage the Vessel but submitted inflated invoices and submitted the invoices to Nicholson, not Shamrock.

Dean Marine is aware who owns the Vessel—attached to its Compliant is the General Index or Abstract of Title (Exhibit 3). Despite this, and in an attempt to impose personal liability on Daniel Deane, Dean Marine alleged Daniel Deane or his family owned the Vessel. When it filed its Complaint, Dean Marine was also aware Daniel Deane was at all times hereto acting in his capacity as a corporate representative/agent, not in his personal capacity (See, e.g., Complaint, Paragraphs 13, 19, 38, and 45 where Dean Marine alleged Daniel Deane was acting on behalf of Nicholson, not in his personal capacity). Dean Marine incorrectly alleged he was acting on behalf of Nicholson—he was not, he was acting on behalf of Shamrock, the owner of the Vessel (Shamrock is a wholly owned subsidiary of Nicholson). Regardless, Dean Marine was fully aware Daniel Deane was not acting in his personal capacity.

Despite knowing Daniel Deane was not acting in his personal capacity (which Dean Marine admitted in its Complaint), in what is a violation of Rule 11 of the Federal Rules of Civil Procedure, Dean Marine nevertheless alleged in Counts II, III, and IV that Daniel Deane is personally liable and sought money damages from him in his personal capacity.

While Shamrock may be liable to Dean Marine for the actual value of the services Dean Marine performed in salvaging the Vessel, Exhibit 2 does not accurately reflect the value of the services and neither Nicholson nor Daniel Deane are liable for any amount to Dean Marine.

**Response to Dean Marine's Allegations**

1.    Admit.

2.    Admit.

3.    Admit.

4.    Deny.

5.    Admit.

6.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus, deny.

7.    Deny. Exhibit 1 is an unknown document from the Bowling Green State University Library and as Plaintiff should be aware, is not legally sufficient evidence as to who is the owner of a marine vessel. Evidence of ownership is set forth in a general index or abstract of title. Attached to the Complaint as Exhibit 3 is a "General Index or Abstract of Title" and "General Index or Abstract of Title Continuation Sheet No. 3 (Department of Transportation U.S. Coast Guard CG-1332A) showing the owner of the Vessel is Defendant, Shamrock Chartering Co. Thus, Plaintiff was aware when it filed the Complaint that neither D. Deane nor Nicholson were the owners of the Vessel.

8.    Admit.

9.    Admit.

10.    Admit.

11.    Are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus, deny.

12.     Admit.

13.     Admit that Shamrock, the owner of the Vessel, entered into a contract with Dean Marine to salvage the Vessel, which had sunk, and that Dean Marine performed certain salvage operations; deny that the invoice attached as Exhibit 2 accurately shows work Dean Marine performed or the cost of the salvage operations; and deny that D. Deane, on behalf of Nicholson, which did not own the Vessel, entered into any agreement with Dean Marine for salvage of the Vessel.

14.     Deny.

15.     Deny.

16.     Admit Shamrock has an interest in the Vessel as it is the owner of the Vessel, but are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus, deny.

17.     Admit.

18.     Incorporates the admissions and denials as set forth above.

19.     Deny.

20.     Deny.

21.     Deny.

22.     Admit.

23.     Deny.

24.     Admit Dean Marine made repeated demands for payment, but the demands did not accurately reflect the value of the services and Dean Marine made

demands to the entities/individuals who did not contract with Dean Marine and who did not own the Vessel, so deny the remaining allegations.

25.     Deny.

26.     Are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus, deny.

27.     Are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus, deny.

28.     Incorporates the admissions and denials as set forth above.

29.     Deny.

30.     Deny as Dean Marine had a contract with Shamrock, not D. Deane or Nicholson.

31.     Admit Dean Marine performed certain salvage services for Shamrock but deny it performed these services for Nicholson or D. Deane.

32.     Deny as Dean Marine had a contract with Shamrock, not D. Deane or Nicholson.

33.     Deny as Dean Marine had a contract with Shamrock, not D. Deane or Nicholson.

34.     Deny.

35.     Deny.

36.     Incorporates the admissions and denials as set forth above.

37.     Deny.

38.     Deny that Dean Marine sold salvage services to D. Deane, who was contracting on behalf of Nicholson, on an open account, as Dean Marine sold salvage services to Shamrock.

39.     Admit Dean Marine sent invoices to Nicholson and admit Nicholson did not pay the invoices as (1) Nicholson did not contract with Dean Marine for salvage services, Shamrock did, and (2) the amounts listed on the invoices do not reflect the value of the services Dean Marine provided to Shamrock; deny the remaining allegations. Dean Marine never issued invoices to or demanded payment from Shamrock. See Affidavit of Daniel Deane, attached hereto as Exhibit A.

40.     Deny Dean Marine issued statements to D. Deane as Exhibit 4 states the statements were sent to Nicholson. Admit Dean Marine issued statements to Nicholson in the amount alleged but states (1) Nicholson did not contract with Dean Marine for salvage services, Shamrock did, and (2) the amounts listed on the invoices do not reflect the value of the services Dean Marine provided to Shamrock. See Exhibit A.

41.     Deny the account has become stated as to Nicholson as (1) Nicholson did not contract with Dean Marine for salvage services, Shamrock did, and (2) the amounts listed on the invoices do not reflect the value of the services Dean Marine provided to Shamrock. Deny the account has become stated as to D. Deane as Dean Marine's Complaint alleges D. Deane acted on behalf of Nicholson, not in his individual capacity (See, e.g., Complaint, Paragraphs 13, 19, 38, and 45). See also, Exhibit A.

42.     Are without knowledge or information sufficient to form a belief as to the truth of the allegations and thus, deny.

43.     Incorporates the admissions and denials as set forth above.

44.     Admit.

45.     Deny.

46.     Deny.

47.     Deny as neither Nicholson nor D. Deane accepted goods or services from Dean Marine.

48.     Deny.

49.     Deny.

50.     Deny each and every allegation in the Complaint not expressly admitted herein.

## AFFIRMATIVE DEFENSES

51.     All or portions of the Complaint fails to state a claim upon which relief can be granted.

52.     The Complaint is barred, in whole or in part, by the doctrines of latches, waiver, estoppel, and unclean hands.

53.     The Complaint is barred, in whole or in part, by the doctrine of mutual mistake.

54.     There was no meeting of the minds as to the terms of any agreement between the parties.

55.     Plaintiff's claims are barred by a failure of a condition precedent.

56.     The amount Plaintiff claims is due under the alleged contract is incorrect.

57.     The amount Plaintiff claims is due under the account is incorrect.

58.     Plaintiff rendered services to Shamrock as outlined in Plaintiff's Complaint, but the amount Plaintiff claims is due is incorrect.

59.     Plaintiff brought certain claims in bad faith and in violation of Rule 11 of the Federal Rules of Civil Procedure.

60.     Defendants reserves the right to amend its Answer to assert such other defenses as may become available or appear during discovery or otherwise in this case.

Defendants, The Vessel "Helene", etc.; Daniel Deane; Nicholson Terminal & Dock Company; and Shamrock Chartering Co. (collectively the "Vessel Defendants"), request that Plaintiff's complaint be dismissed with prejudice, and that they be allowed to recover the attorneys' fees and costs they incur in defending this action.

<div style="margin-left:40%;">

Respectfully submitted,

/s/ John A. Borell, Jr.
John A. Borell Jr. (P68567)
Marshall & Melhorn, LLC
4 Seagate, Floor 8
Toledo, OH 43604
419.249.7100
borell@marshall-melhorn.com
Counsel for Defendants The Vessel "Helene", etc., Daniel Deane, Nicholson Terminal & Dock Company, and Shamrock Chartering Co.

</div>

Dated: February 11, 2025

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing was filed electronically on February 11, 2025 and has been served via the ECF system.

/s/ John A. Borell, Jr.
John A. Borell, Jr. (P68567)