# EXHIBIT A

**STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| Dean Marine & Excavating, Inc., | ) | Case No. 2:24-cv-13244-LJM-APP |
| Plaintiff, | ) | Hon. Laurie J. Michelson |
| vs. | ) | |
| The Vessel "Helene", et al., | ) | |
| Defendants. | ) | |

_____

## **AFFIDAVIT OF DANIEL DEANE**

State of Michigan          )

                                )    ss.

County of Wayne          )

Now comes Daniel Deane, first being duly sworn according to law, deposes and states the following:

1.      I make this Affidavit on personal knowledge of the matters set forth herein.

2.      I am the President of Shamrock Chartering Co. ("Shamrock").

3.      I am the President of Defendant, Nicholson Terminal & Dock Company ("Nicholson").

4.      Shamrock is a wholly owned subsidiary of Nicholson.

1

5.      Shamrock is the owner of the marine Vessel "Helene" (the "Vessel"), a 96.75 (give or take) foot vessel with official Coast Guard No. 226316.

6.      Attached to Plaintiff's Complaint as Exhibit 3 is the General Index or Abstract of Title showing Shamrock is the owner of the Vessel.

7.      I do not own the Vessel.

8.      Nicholson does not own the Vessel.

9.      At some point, the Vessel sank and Shamrock entered into an oral contract with Plaintiff to salvage the Vessel. Under the terms of the oral agreement, Plaintiff was to perform the work on a time and materials basis.

10.      I did not enter into the contract in my personal capacity and I did not enter into the contract on behalf of Nicholson; at all times hereto in all maters related to the salvage of the Vessel.

11.      Thus, Plaintiff not have an open account/account stated with either Nicholson or me personally.

12.      Despite Dean Marine having a contract with Shamrock, Dean Marine sent invoices for the work it performed to Nicholson.

13.      At no time did Dean Marine send invoices for the work it performed under the contract to Shamrock nor did it demand payment from Shamrock.

14.      On behalf of Shamrock, I reviewed the invoices and determined the amounts demanded by Dean Marine exceeded the value of the time and materials it provided to Shamrock. I attempted to negotiate with Dean Marine on behalf of

2

Shamrock to pay the actual value of the goods and services Dean Marine provided to Shamrock, but Dean Marine would not accept the actual value of the goods and services.

15.     In my review of Exhibit 4, I determined (a) Plaintiff inflated the number of hours the tug boat Enduring Freedom was on site on 3/11/24 and 3/12/24 and (b) Plaintiff the hours of crane barge DME-167 and crane barge BTI-2010 on 3/8/24.

16.     Even if Plaintiff had an open account or account stated with Nicholson, the amount Plaintiff seeks to recover on the open account/account stated claim is incorrect and is not the amount agreed to by the parties.

_____
Daniel Deane

Sworn to before me and subscribed in my presence on this __11__ day of February 2025.

_____
Notary

SHIRLEY ANN MILLER
Notary Public, State of Michigan
County of Wayne
My Commission Expires Feb. 18, 2026
Acting in the County of Wayne

3